IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.

GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

NICHOLAS S. HORTON,
DANIEL SCOTT HORTON, and
TAISHARA ABEYTA,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Garrison Property & Casualty Insurance Company, by counsel, Gordon Rees Scully Mansukhani LLP, for its Complaint for Declaratory Judgment against the Defendants, hereby states and avers pursuant to FED.R.CIV.P. 8 and 28 U.S.C. § 2201 as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Garrison Property & Casualty Insurance Company (Garrison) is a Texas corporation and a citizen of the State of Texas, with its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288. *See* Corporate Disclosure Statement.

2. Defendant Nicholas S. Horton is a resident of the State of Colorado who resides at 15856 E. Orchard Place, Centennial, Colorado 80016-1083.

3. Defendant Daniel Scott Horton is a resident of the State of Colorado who resides at 15856 E. Orchard Place, Centennial, Colorado 80016-1083, and is the father of Defendant

Nicholas S. Horton.

4. Defendant Taishara Abeyta is a resident of the State of Colorado who resides at 5447 E. 111th Drive, Thornton, Colorado 80233.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because this is the judicial district in which all Defendants reside and because all Defendants are residents of the State of Colorado.

## General Allegations

7. Plaintiff issued policy of automobile insurance No. 01549 59 07R 7101 6 to Defendant Nicholas S. Horton for the policy period from November 4, 2017 through May 4, 2018. Exhibit 1 to this Complaint is a true and correct copy of Garrison Policy No. 01549 59 07R 7101 6.

8. Plaintiff issued policy of automobile insurance No. 00366 24 26C 7105 0 to Defendant Daniel Scott Horton for the policy period from January 24, 2018 to May 13, 2018. Exhibit 2 to this Complaint is a true and correct copy of Garrison Policy No. 00366 24 26C 7105 0.

9. On March 13, 2018, Defendant Nicholas S. Horton was operating a 2003 Harley-Davidson motorcycle that was owned by Defendant Daniel Scott Horton and on which Defendant Taishara Abeyta was a passenger. The motorcycle operated by Defendant Nicholas S. Horton became involved in a collision with a vehicle operated by Blanca Nolasco-Franco that resulted in injuries to both Defendant Nicholas S. Horton and Defendant Taishara Abeyta.

10. At the time of the March 13, 2018 collision, Defendant Nicholas S. Horton and

Defendant Daniel Scott Horton were residents of the same household.

11. In July 2019, Defendant Taishara Abeyta filed a personal injury lawsuit against BAS Rentals, Inc., in Denver District Court, Case No. 2019CV32887, seeking damages for injuries sustained in the March 13, 2018 collision. Exhibit 3 to this Complaint is a true and correct copy of the original Complaint filed by Defendant Taishara Abeyta in Case No. 2019CV32887 on July 29, 2019.

12. Defendant Taishara Abeyta subsequently amended her complaint in Case No. 2019CV32887 in November 2020 to add Defendant Nicholas S. Horton as a defendant in that action, alleging that he was negligent in his operation of the motorcycle at the time of the collision and seeking damages for injuries sustained in the March 13, 2018 collision. Exhibit 4 to this Complaint is a true and correct copy of the Second Amended Complaint filed by Defendant Taishara Abeyta in Case No. 2019CV32887 on November 19, 2020.

13. At the time of the collision the 2003 Harley-Davidson motorcycle operated by Defendant Nicholas S. Horton was insured for bodily injury liability by Progressive Casualty Insurance Company, which provided a defense to Defendant Nicholas S. Horton in Case No. 2019CV32887. *See* Exhibit 5 (Defendant Horton's C.R.C.P. Rule 26(a)(1) Disclosures, April 29, 2021) at 4.

14. Plaintiff also provided a defense to Defendant Nicholas S. Horton in Case No. 2019CV32887 pursuant to a reservation of rights.

15. Trial in Case No. 2019CV32887 was held in July 2022. The jury returned a verdict for Defendant Taishara Abeyta finding that her total damages, economic and noneconomic, were

$42 million, and that Defendant Nicholas S. Horton was responsible for 5% of her damages. Exhibit 6 to this Complaint is a true and correct copy of the Jury Verdict Form in Case No. 2019CV32887 dated July 15, 2022.

16. On July 22, 2022, the Denver District Court in Case No. 2019CV32887 entered judgment for Defendant Taishara Abeyta and against Defendant Nicholas S. Horton in the amount of $3,014,602.59, plus postjudgment interest. Exhibit 7 to this Complaint is a true and correct copy of the July 22, 2022 judgment against Defendant Nicholas S. Horton in Case No. 2019CV32887.

17. Garrison Policy No. 01549 59 07R 7101 6, issued to Defendant Nicholas S. Horton for the policy period from November 4, 2017 through May 4, 2018, did not list the 2003 Harley-Davidson motorcycle owned by Defendant Daniel Scott Horton and operated by Defendant Nicholas S. Horton at the time of the March 13, 2018 collision as a "Covered Auto" on its Declarations Page, and did not list any other motorcycle as a "Covered Auto" on its Declarations Page.

18. Garrison Policy No. 01549 59 07R 7101 6 issued to Defendant Nicholas S. Horton contained the following pertinent provisions:

**DEFINITIONS**

The words defined below are used throughout this policy. They are in **boldface** when used.

A. **"You"** and "**your**" refer to the "named insured" shown on the Declarations and spouse if a resident of the same household.

***

F. **"Family member"** means a person related to **you** by blood, marriage or adoption who resides primarily in **your** household. This includes a ward or foster child.

***

H. **"Miscellaneous vehicle"** means the following motorized vehicles: motor home; golf cart; snowmobile; all-terrain vehicle; or dune buggy.

- 4 -

    I.    **"Motorcycle"** means a two or three-wheeled motor vehicle that is subject to motor vehicle licensing in the location where the **motorcycle** is principally garaged.

    J.    **"Newly acquired vehicle."**

        1.    **"Newly acquired vehicle"** means a vehicle, not insured under another policy, that is acquired by **you** or any **family member** during the policy period and is:

            a.    A private passenger auto, pickup, **trailer, or van;**

            b.    A **miscellaneous vehicle** that is not used in any business or occupation; or

            c.    A **motorcycle,** but only if a motorcycle is shown on the current Declarations.

**\*\*\***

    O.    **"Your covered auto"** means:

        1.    Any vehicle shown on the Declarations.

        2.    Any **newly acquired vehicle.**

**\*\*\***

### PART A – LIABILITY COVERAGE

**DEFINITIONS**

**"Covered person"** as used in this Part means:

        1.    **You** or any **family member** for the ownership, maintenance, or use of any auto or **trailer**.

        2.    Any person using **your covered auto**.

**\*\*\***

**INSURING AGREEMENT**

**We** will pay compensatory damages for **Bl** or **PD** for which any **covered person** becomes legally liable because of an auto accident. **We** will settle or defend, as **we**

consider appropriate, any claim or suit asking for these damages. **Our** duty to settle or defend ends when **our** limit of liability for these coverages has been paid or tendered. **We** have no duty to defend any suit or settle any claim for **Bl** or **PD** not covered under this policy.

**\*\*\***

**EXCLUSIONS**

**\*\*\***

B.  **We** do not provide Liability Coverage for the ownership, maintenance, or use of:

1.  Any vehicle that is not **your covered auto** unless that vehicle is:

    a.  A four- or six-wheel land motor vehicle designed for use on public roads; . . . .

**\*\*\***

3.  Any vehicle, other than **your covered auto,** that is owned by or furnished or available for the regular use of, any **family member.** This exclusion (B.3.) does not apply:

    a.  To **your** maintenance or use of such vehicle; or

    b.  To a vehicle not owned by any **family member** if the vehicle's owner has valid and collectible primary liability insurance or self- insurance in force at the time of the accident.

19. Garrison issued Policy No. 00366 24 26C 7105 0, issued to Defendant Daniel Scott Horton for the policy period from January 24, 2018 to May 13, 2018, did not list the 2003 Harley-Davidson motorcycle owned by Defendant Daniel Scott Horton and operated by Defendant Nicholas S. Horton at the time of the March 13, 2018 collision as a "Covered Auto" on its Declarations Page, and did not list any other motorcycle as a "Covered Auto" on its Declarations Page.

20. Garrison Policy No. 00366 24 26C 7105 0 issued to Defendant Daniel Scott Horton included the same Colorado Auto Policy form (5100CO (03) Rev. 7 – 12) as Garrison Policy No. 01549 59 07R 7101 6 issued to Defendant Nicholas S. Horton and contained the identical pertinent

provisions set forth in paragraph 18.

**Claim for Declaratory Judgment Pursuant to 28 U.S.C. § 2201**

21. Plaintiff incorporates the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff seeks a declaration that Plaintiff's policies do not provide liability coverage for bodily injury sustained by Defendant Taishara Abeyta as a result of the March 13, 2018 collision and that Plaintiff accordingly has no duty under Policy No. 01549 59 07R 7101 6 or Policy No. 00366 24 26C 7105 0 to indemnify Defendant Nicholas S. Norton for the July 22, 2022 judgment entered against him in Denver District Court Case No. 2019CV32887 because:

(1) The 2003 Harley-Davidson operated by Defendant Nicholas S. Norton at the time of the March 13, 2018 collision was not a "covered auto" under the Garrison policies;

(2) Bodily injury liability coverage for Defendant Nicholas S. Norton arising from the operation of the 2003 Harley-Davidson at the time of the March 13, 2018 collision is expressly excluded under Exclusion B.1.a of the Garrison policies because the motorcycle was not "a four- or six-wheel land motor vehicle designed for use on public roads"; and

(3) Bodily injury liability coverage for Defendant Nicholas S. Horton arising from the operation of the 2003 Harley-Davidson at the time of the March 13, 2018 collision is expressly excluded under under Exclusion B.3 of the Garrison policies because the motorcycle was owned by Defendant Daniel S. Horton, who was a "family member" of Defendant Nicholas S. Horton as defined in the policies.

23. Plaintiff has complied with all applicable conditions precedent prior to bringing this action.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment as follows:

A. For judgment pursuant to 28 U.S.C. § 2201 declaring the rights and obligations of the parties under Plaintiff's insurance policies;

B. For judgment declaring that the 2003 Harley-Davidson motorcycle that Defendant Nicholas S. Horton was operating at the time of the March 13, 2018 collision is not a "covered auto" under Plaintiff's policies;

C. For a judgment declaring that Plaintiff's policies exclude liability coverage for Defendant Nicholas S. Horton for bodily injury arising from the use of a two-wheeled motorcycle;

D. For a judgment declaring that Plaintiff's policies exclude liability coverage for Defendant Nicholas S. Horton for bodily injury arising from the use of the 2003 Harley-Davidson motorcycle owned by Defendant Daniel Scott Horton;

E. For a judgment declaring that Plaintiff's policies do not provide liability coverage for bodily injury sustained by Defendant Taishara Abeyta as a result of the March 13, 2018 collision;

F. For a judgment declaring that Plaintiff has no obligation under the policies to indemnify Defendant Nicholas S. Horton for the July 22, 2022 judgment entered against him in Case No. 2019CV032887;

G. For costs of suit; and

H. For such other and further relief pursuant to 28 U.S.C. § 2202 as the Court deems just and proper.

Respectfully submitted this 9th day of December 2022.

        **GORDON REES SCULLY**
        **MANSUKHANI, LLP**

        *s/ Katherine K. Kust*
        Katherine K. Kust
        555 Seventeenth Street, Suite 3400
        Denver, Colorado 80202
        (303) 534-5160
        kkust@grsm.com

        ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
9800 Fredericksburg Road,
San Antonio, Texas 78288