| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street, Room 256 (Clerk's Office)<br>Denver, CO 80202<br>(720) 865-8614 | DATE FILED: July 29, 2019 8:00 AM<br>FILING ID: E9C1D6F7EC803<br>CASE NUMBER: 2019CV32887 |
| Plaintiff:<br>**TAISHARA ABEYTA**<br><br>v.<br><br>Defendants:<br>**BAS RENTALS, INC.** | ▲COURT USE ONLY▲ |
| ATTORNEYS FOR PLAINTIFF:<br><br>Scott Hooper, Esq., #52044<br>Scott Hooper Law Firm<br>2929 Allen Parkway, 39th Floor<br>Houston, Texas 77019<br>(713) 529-5055<br>Email: Scott@RamosLaw.com<br>and<br>Joseph P. Ramos, MD, Esq., #41687<br>RAMOS LAW<br>3000 Youngfield St., Ste. 200<br>Wheat Ridge, CO 80215<br>Phone: (303) 733-6353<br>Fax: (303) 865-5666<br>E-mail: Joe@RamosLaw.com | Case No.:<br><br>Division: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiff Taishara Abeyta (hereinafter "Plaintiff"), by and through her attorneys, Ramos Law, submits the following Complaint against the Defendant BAS Rentals, Inc. (hereinafter "Defendant"), and alleges and avers as follows:

1

EXHIBIT 3

## PARTIES

1. Plaintiff Taishara Abeyta resides at 5447 East 111th Drive, Thornton, CO 80233.

2. Defendant BAS Rentals, Inc. ("Defendant BAS") is a Colorado corporation with its principal place of business located at 6385 Broadway, Denver, CO 80216, which may be served by and through its registered agent: Jeffrey Ziegler, at 9123 West 75th Circle, Arvada, Colorado 80005.

3. The motor vehicle collision described herein occurred at East Dartmouth Avenue at South Jamaica Court, in the City of Aurora, Colorado.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because the Defendants reside at 6385 Broadway, Denver, CO 80216, which is located in Denver County, Colorado.

## GENERAL ALLEGATIONS

5. The Plaintiff incorporates paragraphs 1 through 4 as if fully stated herein.

6. In the early afternoon hours of March 13, 2018, a construction truck owned and operated by Defendant BAS was parked horizontally in lanes two (the center lane) and three (the right hand turn-lane) of East Dartmouth Avenue at South Jamaica Court, in the City of Aurora, County of Arapahoe.

7. Defendant BAS remained in the roadway, blocking traffic and viewpoints in lanes two and three.

8. Although Defendant BAS did knowingly block two lanes of traffic, Defendant BAS did not employ traffic control safety measures to mitigate the inevitable dangers it posed to the driving public.

9. While Defendant BAS did knowingly block two lanes of traffic, Defendant BAS did not warn or alert drivers of potential traffic hazards on either side of the BAS Rentals, Inc. construction truck.

10. The construction truck belonging to Defendant BAS was blocking the view of westbound drivers on East Dartmouth Avenue and drivers on South Jamaica Court turning onto East Dartmouth.

11. Blanca Nolasco-Franco was driving south on South Jamaica Court at the intersection of South Jamaica Court and East Dartmouth Avenue.

EXHIBIT 3

12.     The construction truck belonging to Defendant BAS was blocking the view of Blanca Nolasco-Franco as she attempted to enter the intersection.

13.     Unable to see the oncoming traffic due to the obstruction caused by the Defendant BAS construction truck, Nolasco-Franco looked for traffic control personnel to guide her through the construction traffic created by Defendant BAS.

14.     Defendant BAS failed to provide traffic control professionals to keep the motoring public safe by guiding Nolasco-Franco through the road hazards that Defendant BAS knowingly created.

15.     At the same time, Taishara Abeyta was riding as a passenger on a 2019 Harley Davidson motorcycle, which was being lawfully driven westbound in lane two on East Dartmouth Avenue approaching South Jamaica Court by Nicholas Horton.

16.     Defendant BAS failed to provide traffic control professionals to keep the motoring public safe by guiding Horton through the road hazards Defendant BAS knowingly created.

17.     Upon seeing the BAS construction truck blocking lanes two and three, Horton changed lanes into lane one to pass safely around the Defendant BAS construction truck.

18.     Nolasco-Franco pulled forward into lane one at the same time the Harley Davidson continued its lawful forward motion in lane one.

19.     The Harley Davidson struck the driver's side of Nolasco-Franco's Jetta.

20.     Despite having created the traffic dangers and causing the crash, BAS Rentals' employees did not inquire into the condition of the driver of the Volkswagen Jetta, the driver of the Harley Davidson or Plaintiff Taishara Abeyta.

21.     Defendant BAS rentals and/or through its employees did not notify police or emergency medical services of the collision or the injuries.

22.     Immediately following the collision caused by Defendant BAS' negligence, Defendant BAS employees began quickly moving their construction material into the BAS construction truck and fled the scene of the accident.

23.     The collision, caused by the negligence of Defendant BAS, was reported to Denver Police Department by subsequent drivers at 3:23 p.m.

24.     Aurora Police Department was dispatched at or about 3:48 p.m.

25.     At the time Denver and Aurora Police Departments arrived on scene, Defendant BAS and its employees had completely abandoned the area, fleeing the scene of the accident.

26.     Upon the arrival of Aurora Police Department, Officer Justin Thull was notified that both

EXHIBIT 3

riders of the motorcycle, including Plaintiff Taishara Abeyta, were transported to Denver Health Medical Center.

27.     A representative of Defendant BAS never returned to the scene of the crash during the preliminary investigation, or anytime thereafter, to cooperate with law enforcement.

28.     Horton was in serious condition in the Intensive Care Unit.

29.     Plaintiff Taishara Abeyta's sustained extensive injuries to her entire body, the most significant being profound open and closed head injuries.

30.     On March 13, 2018, Defendant BAS failed to adequately warn drivers of the obstruction in the roadway.

31.     Defendant BAS failed to provide traffic safety control while blocking the roadway on March 13, 2018.

32.     Defendant BAS failed to render aid or summon medical care for Plaintiff Taishara Abeyta, as she lied helpless in the roadway, in violation of Colorado Revised Civil Statutes § 42-4-1603.

33.     Due to the actions and inactions of Defendant BAS before, during, or after, positioning their construction truck in the roadway, Plaintiff Taishara Abeyta suffered permanent irreversible brain damage and is now in a persistent vegetative state necessitating 24 hours of care for the rest of her life.

34.     Plaintiff Taishara Abeyta neither caused nor contributed to the collision made the basis of this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Negligence of Defendant BAS)

35.     Plaintiff incorporates paragraphs 1 through 34 as if fully stated herein.

36.     Defendant BAS negligently caused the collision described above. Defendant BAS's negligence included, but was not limited to
   a) failure to design and execute a Traffic Control Plan;
   b) failure to employ adequate traffic control devices and indicators (signs, markings, cones, barrels, pavement markings, channeling devices, delineators, etc.) in all directions where the motoring public was forced to navigate Defendant BAS's obstructions;
   c) failure to adequately warn drivers at proper distances before the traffic control zone in all directions;
   d) failure to safely reroute traffic from its normal pattern (i.e., avoiding abrupt changes in the driving pattern that cause rapid maneuvers by drivers attempting to navigate the obstructions);
   e) failure to provide a buffer zone for oncoming and cross-traffic around the obstruction

caused by Defendant BAS;
- f) failure to provide clear and positive guidance to motorists approaching and traversing the temporary traffic control zone (i.e., traffic control personnel such as flaggers in both directions);
- g) failure to employ preventative or remedial safety measures, etc.;
- h) failure to properly select, place and maintain traffic control devices in the direct and surrounding obstructed areas;
- i) failure to move vehicles safely and expeditiously through or around temporary traffic control zones;
- j) failure to provide individuals to warn and assist motorists entering the intersection or traveling through the intersection to move safely through or around the blocked lanes of traffic;
- k) parking across active lanes of traffic without sufficient warning and safety protocols in place;
- l) failure to properly hire, train, or supervise its drivers and employees;
- m) failure to have an adequate safety training program pertaining to the planning, coordination and clean-up of a traffic safety zone to ensure motorist safety; and
- n) failure to communicate safe work practices to its employees regarding Traffic Control Plans.

37. As a direct and proximate result of the negligence of Defendant BAS, Taishara Abeyta sustained permanent injuries, damages and losses. Plaintiff Taishara Abeyta seeks damages against Defendant BAS for past and future health care treatment expenses, past lost earnings, future lost earning capacity, past and future pain and suffering, past and future physical impairment and disability, pre- and post-judgment interest, costs and all other recovery allowed by law.

## SECOND CLAIM FOR RELIEF
**(Negligence Per Se)**

38. Plaintiff incorporates paragraphs 1 through 37 as if fully stated herein.

39. Defendants BAS violated the following statutes:
   a) Parking at the Curb or Edge of Roadway, Colorado Revised Civil Statutes § 42-4-1205
   b) Failure to Stop and Render Aid, Colorado Revised Civil Statutes § 42-4-1601 and 1603.

40. Each of the above and foregoing acts and/or omissions of Defendant BAS' driver, taken singularly or in combination, constitutes negligence *per se* were the foreseeable and proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiff Taishara Abeyta.

41. As a direct and proximate result of the negligence per se of Defendant BAS, Plaintiff Taishara Abeyta sustained permanent injuries, damages and losses. Plaintiff Taishara Abeyta seeks damages against Defendant BAS for past and future health care treatment expenses, past lost

5

EXHIBIT 3

earnings, future lost earning capacity, past and future pain and suffering, past and future physical impairment and disability, pre- and post-judgment interest, costs and all other recovery allowed by law.

### THIRD CLAIM FOR RELIEF
**(Defendant BAS – Vicarious Liability)**

42. Plaintiff incorporates paragraphs 1 through 41 as if fully stated herein.

43. At all relevant times to this action, Defendant BAS's employees were employees and agents of Defendant BAS.

44. At all relevant times to this action, Defendant BAS employees were acting within the course and scope of their employment and/or agency with Defendant BAS.

45. At the time of the collision, Defendant BAS's employees were being paid by Defendant BAS for their work.

46. Based on the foregoing, the acts and omissions of Defendant BAS's employees are deemed the acts and omissions of Defendant BAS pursuant to the doctrine of *Respondeat Superior*.

WHEREFORE, the Plaintiff Taishara Abeyta requests that judgment be entered in her favor and against the Defendants BAS in an amount to be determined at trial for all damages allowed, plus all costs allowed by law, pre- and post-judgment interest as permitted by law, and for such other and further relief as the Court deems just and proper.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

Respectfully submitted this 29th day of July, 2019.

Ramos Law

*/s Scott Hooper, Esq.*
_____
Scott Hooper, Esq. #52044
Lead Counsel for Plaintiff

Plaintiff's address:
5447 East 111th Drive
Thornton, CO 80233

EXHIBIT 3